```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

OTR TRANSPORTATION, INC., an   )
Illinois corporation,          )
                               )   Docket No. 21 C 3415
              Plaintiff,       )
                               )   Chicago, Illinois
     v.                        )   October 1, 2021
                               )   2:00 p.m.
DATA INTERFUSE, LLC, a Virginia)
limited liability company, and )
JOHN LOVEGROVE, an individual, )
                               )
              Defendants.      )

        TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Status
           BEFORE THE HONORABLE THOMAS M. DURKIN


APPEARANCES:

For the Plaintiff:     MR. THOMAS PIERCE YARDLEY JR.
                       MS. CHRISTINE R. WALSH
                       Robbins Salomon & Patt, Ltd.
                       180 North LaSalle Street, Suite 3300
                       Chicago, Illinois  60601


For the Defendants:    MR. PAUL H. TZUR
                       MR. ANDREW SCHRAG
                       Blank Rome LLP
                       444 West Lake Street, Suite 1650
                       Chicago, Illinois  60606

                       MR. S. GREGORY HERRMAN
                       Blank Rome LLP
                       1825 Eye Street NW
                       Washington, D.C.  20006


                     ELIA E. CARRIÓN
                   Official Court Reporter
                 United States District Court
              219 South Dearborn Street, Room 1432,
                    Chicago, Illinois 60604
                       (312) 408-7782
                 Elia_Carrion@ilnd.uscourts.gov
```

1    (Proceedings had telephonically:)
2         THE COURT:  Emily, please call the case.
3         THE CLERK:  All right.  This is Case No. 21 CV 3415,
4    OTR Transportation v. Data Interfuse, LLC.
5         Could I please have the attorney speaking on behalf
6    of plaintiff state their name.
7         MR. YARDLEY:  Tom Yardley, Your Honor.
8         MS. WALSH:  Christine Walsh on behalf of plaintiff.
9         THE CLERK:  And on behalf of the defendants, please.
10        MR. TZUR:  Good afternoon, Your Honor.  Paul Tzur
11   from Blank Rome LLP representing the defendants, Data
12   Interfuse and John Lovegrove.  And with me on the phone this
13   afternoon I've got colleagues of mine Andrew Schrag and
14   Greg Herrman.
15        THE COURT:  Okay.  All right.  Thank you all for
16   coming on.
17        We have a plaintiff's motion -- or objection to
18   Scott Herrman's motion for leave to file *pro hac vice*; I have
19   defendants' reply, or response to that; and, finally, I have
20   defendants' motion for all reasonable attorneys' fees and
21   expenses under Rule 11.
22        I've never had this happen in a case before, before
23   you really even get started, so I'm kind of surprised to see
24   the motion practice that's already occurred.
25        I don't view what Mr. Herrman said, as I read it, as

1 a threat. That's an adjective or adverb, whatever, but I
2 don't view it as a threat when he says that if a complaint was
3 filed without proper evidentiary support he'd seek sanctions
4 under Rule 11. That's an unremarkable statement, in my mind.
5 Maybe the tone of it was something that gave offense
6 to the plaintiff, maybe the manner in which it was said gave
7 offense, but the factual statement of what is related in
8 the -- in the plaintiff's motion -- and I'm sure there are
9 inevitably going to be factual disputes about how -- what was
10 said that the defendants may have, but even taking it in the
11 language of what the plaintiff said defendants' counsel said,
12 I don't view that as a threat.
13 It's not an attempt to threaten disciplinary action
14 in order to get an advantage in litigation. It's just simply
15 the unremarkable statement that unsupported allegations in a
16 complaint make the party -- renders the party that makes them
17 subject to potential Rule 11 sanctions.
18 And I'm going to grant the motion for *pro hac vice*.
19 But before I do that, I'm going to give the plaintiff a chance
20 to withdraw their motion if they like. It's a very -- if they
21 want. It's a very serious thing to accuse someone of an
22 ethical violation. It carries with it a number of reporting
23 obligations to different authorities. If the person who has
24 an ethical violation lodged against them ever wants to apply
25 to be a judge somewhere or some other type of public official,

1 it's something they have to report.

2 I can rule on this, and I will tell you as a matter
3 of advisory opinion, I'm going to grant it, but I'll give the
4 plaintiff a chance to withdraw it in light of what I said.

5 Do you wish to withdraw it?

6 MR. YARDLEY: We will -- we will withdraw it,
7 Your Honor, but I would at least like to give you the full
8 facts of what happened, if you're willing to listen.

9 THE COURT: I'm, of course, willing to listen.
10 Go ahead.

11 MR. YARDLEY: The problem we've run into, Your Honor,
12 is that it wasn't a threat -- it wasn't a statement the first
13 time. The first time he made the statement he clearly said
14 that if you filed this without evidentiary basis, we're going
15 to file Rule 11 sanctions against you.

16 THE COURT: Okay.

17 MR. YARDLEY: We responded -- but we responded by
18 saying we have an expert report from a nationally-known
19 forensic expert that charges $50,000 to provide the basis for
20 our complaint. And I would have thought at that point it's
21 fairly clear that we have -- at least in my experience, I
22 don't think I can ever remember having an expert report before
23 I filed a complaint. I made it abundantly clear. And after
24 that, every single time I spoke to Mr. Herrman, he continued
25 to make that statement.

1  So it wasn't the first time that bothered me and it
2  wasn't the second time that bothered me. It was while we're
3  trying to discuss very simple evidentiary issues of how we're
4  going to deal with discovery that I -- I was constantly being
5  reminded, after telling them that I have this expert report,
6  which I thought would have shut that issue down immediately,
7  but it didn't, and it came up every conversation we had.
8  That's the context of where it becomes a threat in my mind.
9      THE COURT: Okay. Well, I understand your
10 irritation. I understand why -- the context, but it's a bad
11 way to start the case. I'm not throwing dispersions on either
12 side. I think -- and I don't need a response from defendants.
13     You are withdrawing your motion -- your objection to
14 this motion for leave to appear *pro hac vice*?
15     MR. YARDLEY: Yes, we are.
16     THE COURT: All right. That'll be shown as
17 withdrawn. The motion for attorneys' fees will be denied.
18 I'm not going to start this case with you all fighting about
19 this and having attorneys' fees assessed against one side or
20 the other. The fact that it was withdrawn means that
21 Mr. Herrman no longer has this as a mark on his disciplinary
22 record, even if I were to grant it over objection, and you
23 both can proceed.
24     I'm going to refer discovery in this case to the
25 magistrate judge. I believe it's Judge Gilbert, but you can

1  correct me. It'll go to the right magistrate judge one way or
2  the other, whoever was assigned to the case.
3        MR. YARDLEY: You're right, Judge; it is
4  Judge Gilbert.
5        THE COURT: Okay. Very good. And I know there was a
6  status report due. I told my courtroom deputy to waive that
7  at this time because there's no point filing a status report
8  based on my rules when Judge Gilbert might have his own rules.
9  I just don't know what they are. But we'll refer discovery to
10 Judge Gilbert. He will likely ask for some type of report
11 about your proposed discovery schedule going forward.
12        And I will see you all at the time -- unless it's on
13 a dispositive issue, of course, which I'd have to deal with,
14 otherwise, Judge Gilbert will deal with all deadlines for
15 discovery. And when you're done with discovery, you'll be
16 back in front of me and we'll talk about whether the case can
17 settle or whether it can go through summary judgment or
18 whether we ought to set a trial.
19        I will note, and I hope Judge Gilbert raises this
20 with you, that since this is not the only lawsuit you've got
21 between you -- there's a case in Virginia -- whenever
22 businesses sue each other in two different jurisdictions,
23 there's often an opportunity -- maybe not an obligation -- but
24 an opportunity to try and resolve it both on a business level
25 so that the expenses for the companies are not huge and you

1 can both go forward -- go your separate ways without incurring
2 attorneys' fees -- additional attorneys' fees.  But I'll leave
3 that to Judge Gilbert who's very experienced.
4     Anything else from plaintiff at this time?
5     MR. YARDLEY:  No, Your Honor.
6     MS. WALSH:  No, Your Honor.
7     THE COURT:  And from defendants?
8     MR. TZUR:  Nothing, Your Honor.
9     THE COURT:  All right.  Thank you all.  Bye-bye.
10   (Proceedings concluded at 2:08 p.m.)
11                 CERTIFICATE
12   I certify that the foregoing is a correct transcript from
13 the record of proceedings in the above-entitled matter.
14 */s/ Elia E. Carrión*        *28th day of November, 2021*
15 *Elia E. Carrión*                  *Date*
   *Official Court Reporter*
16
17
18
19
20
21
22
23
24
25