```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

OTR TRANSPORTATION, INC., an    )
Illinois corporation,           )
                                )   Docket No. 21 C 3415
                Plaintiff,      )
                                )   Chicago, Illinois
     v.                         )   December 22, 2021
                                )   9:47 a.m.
DATA INTERFUSE LLC, a Virginia  )
Limited Liability company, and  )
JOHN LOVEGROVE, an individual,  )
                                )
                Defendants.     )
```

TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Motion Hearing
BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | MR. THOMAS PIERCE YARDLEY JR.<br>MS. CHRISTINE R. WALSH<br>Robbins Salomon & Patt, Ltd.<br>180 North LaSalle Street, Suite 3300<br>Chicago, Illinois  60601 |
| For the Defendants: | MR. PAUL H. TZUR<br>Blank Rome LLP<br>444 West Lake Street, Suite 1650<br>Chicago, Illinois  60606 |
| | MR. S. GREGORY HERRMAN<br>Blank Rome LLP<br>1825 Eye Street NW<br>Washington, D.C.  20006 |

ELIA E. CARRIÓN
Official Court Reporter
United States District Court
219 South Dearborn Street, Room 1432,
Chicago, Illinois 60604
(312) 408-7782
Elia_Carrion@ilnd.uscourts.gov

```
 1      (Proceedings had telephonically:)
 2      THE CLERK:  The next case is 21 CV 3415, OTR
 3  Transportation v. Data Interfuse.
 4      Could I please have the attorney speaking on behalf
 5  of the plaintiff state their name.
 6      MR. YARDLEY:  Tom Yardley on behalf of the plaintiff.
 7      MS. WALSH:  Christine Walsh on behalf of the
 8  plaintiff as well.
 9      THE CLERK:  And on behalf of the defendants, please.
10      MR. TZUR:  Good morning, Your Honor.  Paul Tzur and
11  Greg Herrman from Blank Rome on behalf of both defendants.
12      THE COURT:  All right.  This is a motion for leave to
13  file a first amended complaint.  There's also some -- I've
14  read that motion, there's an opposition to it, which I've read
15  and, then, finally, there is a -- in effect, a request to stay
16  the briefing on this motion for leave to file an amended
17  complaint and for an extension of time to respond to discovery
18  requests and for a protective order suggesting that
19  Judge Gilbert ruling on the motion to compel may in some way
20  make any ruling on the motion for leave to amend easier to
21  decide.
22      Does anyone want to add anything to what's already
23  been filed?  I've read it all so I'm prepared to rule.
24      (Indiscernible crosstalk.)
25      MR. TZUR:  Judge, this is -- this is Paul Tzur, if I
```

1  can go first.
2        The defendants are incredibly frustrated by
3  everything that's been going on.  Looking at the procedure
4  that you laid out, Judge, that's right, but -- or the document
5  set is right, but it's incomplete.  This started with a motion
6  filed by the defendants to compel OTR to turn over the
7  expert report that is the basis of and expressly relied on in
8  their complaint for the logic bomb and IP theft case -- claims
9  that they allege.
10        In responding to that motion, they filed this motion
11  to amend the complaint and then told Judge Gilbert in
12  responding to the motion to compel that the amended complaint
13  would be a basis on which the judge, Judge Gilbert, would be
14  able to grant the motion to compel.
15        The third page of that filing, Docket 27, says
16  exactly that, that contemporaneous with filing the response to
17  the motion to compel, the plaintiffs were filing a first --
18  seeking leave to file a first amended complaint that corrects
19  discretion -- descriptions of OTR's discovery and
20  investigation related to the defendants' intrusion into OTR's
21  computer systems, that OTR's proposed amended complaint does
22  not rely on OTR's consulting expert, and that OTR asserts that
23  disclosure of the expert materials related to the consulting
24  expert would be unnecessary and improper because of the
25  amended complaint.

1  In other words, Judge, the plaintiffs started here by
2  saying the amended complaint is going to be the basis or a big
3  basis on which Judge Gilbert should grant -- or deny the
4  motion to compel turning over the expert report.  And now
5  they're telling you wait for Judge Gilbert to grant the motion
6  to compel before deciding what to do with the amended
7  complaint, even though they've told Judge Gilbert the amended
8  complaint is a key component of the motion to compel.
9  They're going back and forth between you and Judge
10 Gilbert here and it's just not appropriate.
11 And, frankly, Judge, more broadly than that, it is --
12 it is indicative, emblematic of the approach that the
13 plaintiffs have taken in this entire case.  The plaintiffs
14 started this case by filing the complaint that raised these
15 allegations of IP theft and cyber hacking in the form of a
16 logic bomb.
17 And if you look at what they filed by contrast two
18 days ago at, what, 9 o'clock at night on Monday, Docket
19 Entry 33, paragraphs 14 and 15 say that all the allegation is,
20 all that they'll be able to prove is that there's some link
21 between OTR's data system and Data Interfuse's data system and
22 that Data Interfuse accessed the database; not even accessed
23 data, not pulled data, not manipulated data, and certainly not
24 through a logic bomb or engaged in cyber hacking like they
25 alleged in the original complaint.

1 So this goes way beyond what the plaintiffs are
2 talking about here. I'm happy to get into the substance, but
3 I don't want to overstep what you've asked us to -- to talk
4 about.
5 THE COURT: Okay. And I --
6 MR. YARDLEY: And I can respond to that if you want
7 me to, Your Honor, 'cause I think there's a clarification that
8 would be helpful.
9 THE COURT: And this is Mr. Yardley?
10 MR. YARDLEY: Yes, it is.
11 THE COURT: Okay. Respond to that, keeping in mind
12 I've read these.
13 MR. YARDLEY: Okay. So what happened here,
14 Your Honor, is we have both an internal and an external
15 expert. The internal expert determined through review of the
16 law that there was a comprehensive effort by the defendants to
17 access our database after the contract was over on a multitude
18 of times.
19 As a matter of fact, what we found was that right
20 before the contract ended, there was a bridge set up with
21 different AWS Systems. The only purpose of that bridge would
22 be to download information from our system, and that was set
23 up right before the contract ended and it was accessed after
24 the contract ended.
25 So our report, both internal and external, says that

1  there was, at least in one part of the report, 140 instances
2  over a two-week period in which the defendants accessed their
3  database after the contract ended without any authority.
4      THE COURT: Mr. Yardley, I hate to -- sorry to
5  interrupt you -- and Mr. Tzur was doing this, too. This is
6  not about the merits of the case. We're not going to argue it
7  today. We may never argue it or we may end up arguing it
8  before a jury or may end up arguing in summary judgment, but
9  unless this deals with the motion, which is your motion to
10 amend the complaint, I -- maybe it is and maybe I'm just
11 missing where you're going on this, but please don't argue the
12 merits because it's really not the -- what we have up today.
13     MR. YARDLEY: Okay. And I'm just getting to the
14 second part of this. The second part of it was --
15     THE COURT: Okay.
16     MR. YARDLEY: -- our external expert -- our internal
17 expert said this was a logic bomb, okay, and they asked the
18 external expert to confirm that. The external expert stated
19 initially on multiple occasions that they agreed with that
20 conclusion. Right before we filed our complaint, there was a
21 small amendment to the final report where they slightly
22 changed what they said about why our system melted down.
23     Both the initial and the subsequent reason for the
24 meltdown was tied to the intrusion. But that change to the
25 report -- the only way I would have noticed that change to the

1 report was if I did a compare right to that initial -- for
2 finding -- I did compare it to the second finding.
3 So what we're trying to do is we're trying to amend
4 the complaint now to properly characterize what everybody
5 seems to agree was this small change to why the system melted
6 down. Both of them are attributed to the defendants, but one
7 involved insertion of codes, one of them involved deletion of
8 codes. It's that simple when you analyze it.
9 And we're trying to properly reflect what our
10 information is about that specific meltdown. That meltdown
11 just goes to damages. It doesn't go to the fact that they
12 under the Computer Fraud and Abuse Act accessed our system
13 multiple times. The defendants do not want to respond to that
14 obligation. And I imagine they've denied it, which is we find
15 perplexing, to say the least.
16 So what we're trying to do is to conform the very
17 technical information that we're getting from -- from our
18 internal and external sources to the complaint, and that's
19 what we're required to do. To the extent we find out that our
20 complaint is incorrect, we're required to fix it. That's what
21 we're trying to do.
22 THE COURT: All right. In looking at 33, you're
23 still seeking to amend your complaint. Correct?
24 MR. YARDLEY: That's correct.
25 THE COURT: All right. So you move to stay the

1 briefing and then for extension of time -- and you're moving
2 to stay the briefing on the motion for leave to amend the
3 complaint. I'm prepared to rule it on today, absent you
4 wanting more time.
5     MR. YARDLEY: Well, but one of the issues that I just
6 want to make clear is in order to -- we've hired a subsequent
7 expert to confirm the findings of our first expert and it's
8 actually shed some light and get a second opinion on what made
9 our system melt down. Okay?
10     In order to respond to the discovery, we're going to
11 have to rely on the original report because I can't get this
12 report issued during Christmas. They just won't issue my
13 subsequent report. And, therefore, I'm going to be forced to
14 answer the discovery by citing the report, which is a
15 consulting report now, we'd rather not rely on. We'd rather
16 make sure that everything on that report is correct, so that's
17 why we're asking to move out discovery, Your Honor.
18     The amendment --
19     THE COURT: Well, that's before Judge Gilbert.
20 That's -- let's be clear on all this. The motion to compel is
21 before Judge Gilbert; he's going to rule on it. The motion
22 for extension of time for discovery, if it's by agreement,
23 I'll enter it today just to give Judge Gilbert a break, but
24 the fact is you've combined motions -- and please don't do
25 this in the future. This goes to both sides.

1 Your discovery -- I referred the discovery
2 supervision to Judge Gilbert. And when you raised in front of
3 me a motion to amend the complaint, which is appropriately
4 before me, you've put in a variety of requests relating to a
5 protective order and discovery extensions that really belong
6 before Judge Gilbert.
7 It will be chaos if I start ruling on parts of
8 discovery and Judge Gilbert rules on parts of discovery.
9 That's not an efficient way to run things and certainly not my
10 intent when I referred discovery to him. What's before me is
11 a motion for leave to file a first amended complaint. Leave
12 to amend a complaint is granted freely. There's no real
13 prejudice to the defendant that I can see and nor has been
14 noted. I read the memo. There's no substantive prejudice.
15 They allege that there may have been improper
16 reliance on certain things or in the original complaint, but
17 the original complaint doesn't go away. The operative
18 complaint is the amended complaint for which I am today
19 granting leave to file.
20 When are you going to final your amended complaint?
21 I think it was attached. Are you prepared to file it today?
22 MR. YARDLEY: Could we have 14 days to do so just to
23 make sure that everything in that complaint conforms to the
24 information we have?
25 THE COURT: Any objection to that by defendant?

|||
|---|---|
| 1 | MR. TZUR: No, Your Honor. Substance, yeah, we stand |
| 2 | on our objections for all the reasons that we put in our |
| 3 | briefs. |
| 4 | THE COURT: All right. |
| 5 | MR. TZUR: I do think that this is in bad faith. |
| 6 | THE COURT: Well, that's a separate issue. All this |
| 7 | is on the record, all the filings are on the record. If you |
| 8 | think there's improper conduct -- and I have no opinion on |
| 9 | that at all -- but if you think there's improper conduct, you |
| 10 | could file an appropriate motion under Rule 11. |
| 11 | But 14 days is when, Emily? |
| 12 | THE CLERK: January 5th. |
| 13 | THE COURT: All right. January 5th to file the first |
| 14 | amended complaint. |
| 15 | And how much time do you want to respond to it, |
| 16 | Mr. Tzur, whether it's an answer or a -- I think you indicated |
| 17 | you're going to move to dismiss it. |
| 18 | MR. TZUR: Very likely we're going to move to |
| 19 | dismiss. Could we please get 30 days from the date of the |
| 20 | filing? |
| 21 | THE COURT: Yes. |
| 22 | So, Emily, 30 days from then. |
| 23 | THE CLERK: February 4th. |
| 24 | THE COURT: All right. And if it is a motion to |
| 25 | dismiss, consult -- meet and confer with plaintiff's counsel |

1  MR. TZUR: No, Your Honor. Substance, yeah, we stand
2  on our objections for all the reasons that we put in our
3  briefs.
4  THE COURT: All right.
5  MR. TZUR: I do think that this is in bad faith.
6  THE COURT: Well, that's a separate issue. All this
7  is on the record, all the filings are on the record. If you
8  think there's improper conduct -- and I have no opinion on
9  that at all -- but if you think there's improper conduct, you
10 could file an appropriate motion under Rule 11.
11 But 14 days is when, Emily?
12 THE CLERK: January 5th.
13 THE COURT: All right. January 5th to file the first
14 amended complaint.
15 And how much time do you want to respond to it,
16 Mr. Tzur, whether it's an answer or a -- I think you indicated
17 you're going to move to dismiss it.
18 MR. TZUR: Very likely we're going to move to
19 dismiss. Could we please get 30 days from the date of the
20 filing?
21 THE COURT: Yes.
22 So, Emily, 30 days from then.
23 THE CLERK: February 4th.
24 THE COURT: All right. And if it is a motion to
25 dismiss, consult -- meet and confer with plaintiff's counsel

1 and arrive at an agreed briefing schedule. If it's an answer,
2 then continue with your discovery before Judge Gilbert, and I
3 think that's the way it's going to go.
4     As to the protective order, I think there was an
5 agreed protective order you've arrived at. Is that correct,
6 Mr. Tzur, Mr. Yardley?
7     MR. TZUR: Yes.
8   (Indiscernible crosstalk.)
9     MR. YARDLEY: There is one minor modification by the
10 defendants and I don't think we have a problem with that.
11     THE COURT: All right. Submit a proposed --
12   (Indiscernible crosstalk.)
13     THE COURT: Is it agreed or not? That's the issue.
14     MR. YARDLEY: Christine, I don't think we have a
15 problem with that one change that they proposed. Is that
16 right?
17     MS. WALSH: Yeah, it's agreed.
18     THE COURT: Okay. Then you can submit that to my
19 proposed order inbox or Judge Gilbert's. Either one of us
20 will enter it as long as it's agreed. And then the request
21 for an extension on -- I believe there's within -- embedded in
22 here is a request for extension of time on responding to some
23 written discovery. Is that correct?
24     MR. YARDLEY: Yes, that's correct, Your Honor.
25     THE COURT: Have you met and conferred on that?

1  MR. YARDLEY: The problem we had is there's an
2  order -- no, we haven't, Your Honor, but there was an order
3  that was supposed to be entered by Judge Gilbert that would
4  impact our discovery. So because we were waiting for that --
5  he said he would make that ruling almost immediately, he
6  didn't, and it impacted our discovery so we thought that we
7  should bring that to the attention -- and we actually -- I
8  apologize for bringing that to your attention. We should have
9  brought it to the attention of Judge Gilbert.
10  THE COURT: Yeah, it's no big deal. I mean, I
11  just -- for the reasons I stated, it's not a matter of me not
12  wanting to do it, or Judge Gilbert, but if we start splitting
13  responsibilities when they've been divided already, it's going
14  to result in some inconsistent rulings. So meet and confer on
15  the extension. I'm sure Judge Gilbert will be reasonable, as
16  he always is, on any agreement you have. And I'm sure if
17  there's a disagreement on any extension, note it in any status
18  report you have with Judge Gilbert so he can rule on the
19  disagreement, but hopefully on something as minor as an
20  extension of the time to respond to written discovery, you can
21  meet and confer and reach an agreement on a date.
22  MR. YARDLEY: Thank you, Your Honor.
23  MR. TZUR: And, Judge -- Judge, this is Paul Tzur
24  again.
25  THE COURT: Go ahead.

1  MR. TZUR: In light of the fact that they're getting
2  14 days to file an amended complaint that they've, I guess,
3  acknowledged errors in their original complaint, that we don't
4  even know what the amended complaint is going to say and
5  that we -- based on what they've filed already, we already
6  plan on filing a 12(b) motion to dismiss the amended
7  complaint, I ask that all discovery be stayed. That's part of
8  what we asked from Judge Gilbert. That was before they filed
9  the request to file an amended complaint that was based on the
10 original complaint. I think the state of play has totally
11 changed now that they're going to be able to file an amended
12 complaint.
13     I don't -- and -- and forgive me if you disagree, but
14 I don't see any reason why discovery should be going forward
15 at all in this case if we're getting a brand-new complaint
16 that may or may not -- and from our position very much does
17 not meet the Rule 12 requirements and the pleading
18 requirements of Federal Court.
19     THE COURT: Well, you answered the original
20 complaint. Correct?
21     MR. TZUR: We did but it's a very different complaint
22 making very different allegations as we showed in the red line
23 that we draft -- that we attached to our response.
24     THE COURT: Yeah, I'm not going to stay discovery.
25 If you want to -- I'm not going to do it from my perspective.

1  If you want to ask Judge Gilbert to stay it, so be it, but
2  since I know there's a different -- it's a different
3  complaint, but it's the same operative facts, you disagree on
4  the facts.  You know, they say you did something to their
5  systems and you say -- you denied vehemently, but it's the
6  same operative facts.  I'm not going to stay discovery.
7  　　　　　You can make another run at Judge Gilbert on that if
8  you want, but I -- from my perspective, I don't think
9  discovery ought to be delayed while a 12(b)(6) motion is being
10 briefed --
11 　　　　　MR. TZUR:  Well --
12 　　　　　THE COURT:  -- not when the first complaint got
13 answered and the critical allegations are, as I -- at least as
14 I can peruse this -- I didn't study this the way you all
15 have -- but as far as I can tell, the critical allegations
16 aren't that different.
17 　　　　　MR. TZUR:  Your Honor, if I can point you to the key
18 difference.  It's on the logic bomb claim.  It's that they no
19 longer actually affirmatively say that they were even the
20 victim of a logic bomb.  It says -- there's this and/or phrase
21 that precedes the logic bomb allegations in the amended
22 complaint where, one, again, that is a clear violation of
23 Rule 12 and that's going to be what we're moving on; but, two,
24 based on how they are proposing to plead this, there isn't
25 even a basis for seeking discovery if they're alleging --

1 they're acknowledging that there might not even have been this
2 logic bomb in the first place.
3     It's --
4     THE COURT: All right. Well --
5     MR. TZUR: -- those kinds of things --
6     THE COURT: Sure.
7     Mr. Yardley, you now have a preview --
8     (Indiscernible crosstalk.)
9     THE COURT: Hang on. Let me finish, please,
10 everyone.
11     You now have a preview of what at least some of the
12 motion to dismiss is going to be. If you can cure that -- you
13 have 14 days to file an amended complaint. If you can cure
14 that by cleaning up something that is likely the subject of a
15 motion to dismiss, you ought to do it, because the reality is
16 if there is a dismissal based on something like that, it'll
17 likely be without prejudice and we'll give you a chance to
18 amend again, if you can. You may not be able to, but if it's
19 dismissed for something like that -- and I know that's not the
20 entirety of your motion to dismiss, Mr. Tzur; I'm not
21 minimizing it.
22     MR. TZUR: No, that's right.
23     THE COURT: But, you know, clean it up, then, if
24 that's part of the basis of it.
25     This case has already had discovery take place,

1 there's an answer to a complaint, and we're getting caught in
2 the weeds and not proceeding expeditiously, which I think you
3 all want to do because it's costing your clients money the
4 more back and forth there is on this that doesn't get you to
5 the merits.

6 So the -- if -- the oral request to stay discovery is
7 denied. You should continue discovery, you should meet and
8 confer on any extensions, and provide Judge Gilbert with an
9 agreed order, if at all possible, or an agreement as to
10 discovery. If you can't agree, I'm sure he would request that
11 you note the disagreements in a filing with him. You have a
12 briefing -- you have a timing to file your amended complaint
13 and a time to answer or otherwise plead. And if it's in fact
14 a motion to dismiss filed on the amended complaint, then come
15 back with an agreed briefing schedule; or if you can't agree
16 upon it, note the disagreements to my courtroom deputy and
17 we'll enter the complete briefing schedule and continue your
18 discovery before Judge Gilbert. And then if you have an
19 agreed protective order, submit it to either my or Judge
20 Gilbert's proposed order inbox and we'll enter that.

21 Anything else from plaintiff?

22 MR. YARDLEY: Thank you very much, Your Honor. And
23 we apologize for mixing and matching the discovery issues.

24 THE COURT: No, no problem. It's just best going
25 forward if you keep them separate so that Judge Gilbert and I

1 don't give inconsistent rulings.
2     Mr. Tzur, anything else on behalf of defendants?
3     MR. TZUR:  No, Your Honor.
4     THE COURT:  Okay.  Happy holidays, everyone.
5 Thank you.
6     (Proceedings concluded at 10:08 a.m.)
7                     CERTIFICATE
8    I certify that the foregoing is a correct transcript from
9 the record of proceedings in the above-entitled matter.
10 */s/ Elia E. Carrión*         *5th day of January, 2022*
11 *Elia E. Carrión*                      *Date*
   *Official Court Reporter*
12
13
14
15
16
17
18
19
20
21
22
23
24
25